```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
NICOLE STEVENS,                     :
                                    :   CIVIL ACTION
                Plaintiff           :
                                    :   NO. 07-2603
        vs.                         :
                                    :
D.M. BOWMAN, INC.,                  :
                                    :
                Defendant           :
_____:
```

## MEMORANDUM AND ORDER

**HENRY S. PERKIN**                                       **January 15, 2009**
**United States Magistrate Judge**

      The Defendant, D.M. Bowman, Inc., has asked this Court to review the Clerk's Taxation of Costs, entered September 4, 2008, awarding Plaintiff the amount of $3,221.50.[1]  Plaintiff's Memorandum in Opposition to Defendant's Objections to Taxed Costs was filed on October 13, 2008.  After reviewing and considering the contentions of the parties, the Court is prepared to rule on this matter.

### I.    BACKGROUND

      Having prevailed at trial from this personal injury action, Plaintiff, Nicole Stevens, on July 2, 2008, filed her bill of costs.  Defendant filed objections to the bill of costs on July 7, 2008.  Plaintiff filed a response to the objections on

---

[1] Defendant, D.M. Bowman, Inc.'s Objections to and Appeal of Taxed Costs was filed with the Court on September 8, 2008.  See Docket No. 68.  On that same date, Defendant also filed a Memorandum in support of its appeal.  See Docket No. 69.

August 4, 2008. On September 4, 2008, the Clerk of Court entered judgment on taxation of costs in favor of Plaintiff in the amount of $3,221.50.

In its appeal, Defendant initially sets forth a general objection to Plaintiff's claims for costs by contending that Plaintiff failed or refused to engage in reasonable settlement efforts conducted by this Court. Defendant's Memorandum at 1. Because of this alleged refusal, Defendant submits that Plaintiff is not entitled in whole or in part to any taxation of costs. In addition to its general objection, Defendant specifically seeks review of the Clerk's taxation of the following costs:

1. Service of summons - $279.85
2. Depositions - $1,967.20
3. Copies of medical records - $421.47
4. Exhibits - $122.98

## II.  **LEGAL STANDARD**

Rule 54(d) of the Federal Rules of Civil Procedure[2] provides the standard for use in taxing costs in all cases. More specifically, Rule 54(d)(1) provides as follows:

> Unless a federal statute, these rules, or a
> court order provides otherwise, costs - other

---

[2] Rule 54 of the Federal Rules of Civil Procedure was amended on December 1, 2007. However, the Court observes that the Advisory Committee Notes relating to the 2007 amendments states that "[t]he language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These Changes are intended to be stylistic only." Fed. R. Civ. P. 54, Notes of Advisory Committee on 2007 Amendments.

2

> than attorney's fees – should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 1 day's notice.  On motion served within the next 5 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).  The United States Court of Appeals for the Third Circuit has noted that the language of Rule 54(d)(1) creates a strong presumption in favor of awarding costs to the prevailing party.  <u>In re Paoli R.R. Yard PCB Litig.</u>, 221 F.3d 449, 462 (3d Cir. 2000).

Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title [28 USCS § 1923];
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

<u>See</u> 28 U.S.C. § 1920.  Costs are taxed by the clerk of court

3

subject to a *de novo* appeal to the court.  Fed. R. Civ. P. 54(d)(1), Local Civil Rule 54.1(b).

Ultimately, the court has the sound discretion to award or deny costs.  <u>Adams v. Teamsters Local 115</u>, No. 99-4910, 2007 U.S. Dist. LEXIS 51463, at *27 (E.D. Pa. July 17, 2007)(Yohn, J.)(<u>citing</u> <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S. 227, 233-234 (1964).  However, to overcome the presumption favoring the prevailing party and to deny that party costs, a court must support that determination with an explanation.  <u>Adams</u>, 2007 U.S. Dist. LEXIS 51463, at *27 (<u>citing</u> <u>In re Paoli</u>, 221 F.3d at 462-463.  The Third Circuit has determined that in reviewing a clerk's taxation of costs, a court may consider the following factors: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them."  <u>Wesley v. Dombrowski</u>, No. 03-4137, 2008 U.S. Dist. LEXIS 49544, at *5 (E.D. Pa. June 25, 2008)(Pratter, J.)(<u>quoting</u> <u>In re Paoli</u>, 221 F.3d at 468.  The Third Circuit has also emphasized that "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the

prevailing party."[3]  Id.

**III. DISCUSSION**

    **A.  General Objection**

As stated above, Defendant initially sets forth a general objection to Plaintiff's claims for costs by contending that Plaintiff failed or refused to engage in reasonable settlement efforts conducted by this Court.  Defendant's Memorandum at 1.  Defendant avers that Plaintiff "held out for unreasonable demands for claims of injury from this [motor vehicle] accident that were not supported by the evidence."  More specifically, Defendant asserts that the baselessness of Plaintiff's claim that her shoulder injury was caused by the accident was demonstrated by the jury's verdict in rejecting this contention.[4]  As such, Defendant submits that Plaintiff should not be rewarded for her pursuit of damages that were not supported by the evidence and requests that the taxation of costs

---

[3]  The losing party bears the burden of making the showing that an award is inequitable under the circumstances.  In re Paoli, 221 F.3d at 462-463.

[4]  In further support of its general objection, Defendant asserts as follows:

> Despite the absence of any relation of the shoulder to this accident, as demonstrated at trial by the chasm of time between the accident and any complaints related to the shoulder, Plaintiff forced the litigation of this matter and incurrence of costs by pursuing her baseless claim.  She rejected Defendant's reasonable offers of resolution, consistent with the ultimate verdict in this case, by her baseless pursuant [sic] of her unsupported claim.

Defendant's Memorandum at 1.

5

by the Clerk be reversed.

In response, Plaintiff asserts that there were several references in the medical records, and in particular, those of her own treating surgeon, which suggested that her shoulder injury was linked to the accident. Plaintiff's Memorandum at 2. In addition, Plaintiff avers that she did significantly alter her negotiating position in an effort to effectuate a settlement of this matter prior to trial.

After reviewing these contentions, we conclude that although it is permissible for this Court to consider the unclean hands, bad faith, or dilatory tactics, of the prevailing party, In re Paoli, 221 F.3d at 463, the Defendant has not met its burden of showing that an award is inequitable in this case. Further, it is our recollection that Plaintiff's treating surgeon, by his report and deposition testimony, specifically attributed Plaintiff's shoulder injury to the motor vehicle accident in question, despite Defendant's assertions to the contrary. As such, Plaintiff's claim of shoulder injury was not, as Defendant characterizes, baseless. Defendant's general objection is, as a result, overruled.

**B. Specific Objections**

**1. Service of summons**

In her bill of costs, Plaintiff included a request for the recovery of fees for the service of the summons upon the

6

Defendant, which the Clerk granted in its entirety.  Clerk's Taxation of Costs at 4-5.  As the Clerk correctly noted, fees of the Marshal, authorized pursuant to 28 U.S.C. § 1920(1), include costs of service of process.  <u>Proffitt v. Municipal Authority of Morrisville</u>, 716 F. Supp. 845, 854 (E.D. Pa. 1989), <u>aff'd</u>, 897 F.2d 523, (3d Cir. Pa. 1990).  Courts have also interpreted 28 U.S.C. § 1920(1) as permitting the taxation of costs for private servers.  <u>See</u> <u>Shared Med. Sys. v. Ashford Presbyterian Cmty. Hosp.</u>, 212 F.R.D. 50, 54 (D.P.R. 2002)(although the statute does not specifically provide for the allowance of costs when private servers are used, this Court has unequivocally stated that the fees of private servers are properly taxed as costs).

       Defendant has objected to the taxation of costs for fees for service of summons.  More specifically, Defendant avers that these costs were not necessary because it accepted service in accordance with the Federal Rules of Civil Procedure.  Defendant further contends that whomever Plaintiff initially served was not authorized to accept service on behalf of Defendant.  In response, Plaintiff's avers that her first attempt at service was made to an entity that was listed as the agent for Defendant by the Commonwealth of Pennsylvania.  In addition, Plaintiff contends that the costs for which she seeks reimbursement were initiated prior to receiving Defendant's

authorization for the acceptance of service.[5]  With respect to these fees, however, Plaintiff admits that there was an error made in calculating the total costs submitted to the clerk and states that her costs should be reduced by $79.95.

Based on the foregoing assertions of Plaintiff, this Court finds that the Clerk's award of costs to Plaintiff for fees for the service of summons was proper.  Noting Plaintiff's error, however, we will reduce the amount of taxed costs by $79.95, thereby allowing $199.90 to be taxed as costs against the Defendant.

### 2. Depositions

Plaintiff seeks costs for the deposition transcripts of a witness, Mr. Smith ($115.00) and for her own deposition ($199.00).  The Clerk taxed these costs against the Defendant. Clerk's Taxation of Costs at 5.  Defendant objects to these particular items by averring that they were used for investigatory or discovery purposes and, therefore, may not be taxed.  In response, Plaintiff asserts that these deposition transcripts were used in connection with pre-trial motions.

Section 1920(2) taxes "fees of the court reporter for

---

[5] In fact, this Court notes that service was made on an entity that Plaintiff alleges was listed as the agent for Defendant prior to counsel for Defendant ever contacting Plaintiff.  According to Plaintiff, once she had made service on the initial entity, that entity suggested that she re-serve the process directly on Defendant.  Plaintiff avers that she initiated her second attempt on July 18, 2007, which was also prior to receiving contact from counsel for Defendant.  As such, both attempts at service were made prior to Defendant advising that it would accept service in accordance with the Federal Rules of Civil Procedure.

all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C.A. § 1920(2). "It is sufficient that the depositions appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken." Montgomery County v. Microvote Corp., 2004 U.S. Dist. LEXIS 8611, at *20 (E.D. Pa. May 13, 2004)(quoting Smith v. Crown Equip. Corp., 2000 U.S. Dist. LEXIS 530, at *9 (E.D. Pa. Jan. 13, 2000)). Depositions that are used in support of a motion for summary judgment are necessarily obtained for use in the case, even if they were not essential to the court's resolution of the case. Fitchett v. Stroehmann Bakeries, 1996 U.S. Dist. LEXIS 1168, at *9-10 (E.D. Pa. Feb. 5, 1996). However, costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed. Montgomery County, 2004 U.S. Dist. LEXIS 8611, at *20-21.

   Other than its own assertion that these particular deposition transcripts were used for investigatory or discovery purposes, Defendant has not produced any evidence to suggest that these depositions did not appear "reasonably necessary" for use in this case at the time they were taken. Nor has Defendant countered Plaintiff's assertion that these depositions were used in conjunction with pre-trial motions. Because the case law

9

demonstrates that there is a strong presumption in favor of awarding costs to the prevailing party, In re Paoli, 221 F.3d at 462, we will uphold the Clerk's decision to tax these costs.[6]

In addition to the foregoing, Plaintiff also seeks costs expended for the deposition transcripts and videotaping of two of its trial witnesses, Mr. Sosar[7] and Dr. Wheeler.  The Clerk taxed these costs against the Defendant.  Clerk's Taxation of Costs at 5.  A court may tax the costs for videotaping a deposition, provided that the deposition was necessarily obtained for use in the case.  Herbst v. Gen. Accident Ins. Co., 2000 U.S. Dist. LEXIS 11952, at *5 (E.D. Pa. Aug. 21, 2000)(Waldman, J.)(citing Fed. R. Civ. P. 30(b); Brown v. Kemper Nat'l Ins. Co., 1998 U.S. Dist. LEXIS 12007, 1998 WL 472586, *2 (E.D. Pa. July 27, 1998); Fitchett, 1996 U.S. Dist. LEXIS 1168, at *18). In such circumstances, the costs of a videotape or a deposition

---

[6] See also Greene v. Fraternal Order of Police, 183 F.R.D. 445, 449 (E.D. Pa. 1998)(concluding that "an unsuccessful [party] may not overcome the presumption that it shall pay costs by simply listing a series of undocumented allegations regarding the impropriety of costs assessed").

[7] Although the deposition of Mr. Sosar is not specifically itemized as an expense on Plaintiff's bill of costs, this Court has reviewed the itemization and all attached invoices and believes that the cost of Mr. Sosar's deposition transcript was part of the total enumerated by Plaintiff in her bill of costs under the heading Berks Court Reporting Service.  More specifically, the invoices for Berks Court Reporting Service attached to Plaintiff's bill of costs only reference charges in the amount of $115.00 for the deposition transcript of Mr. Smith and $199.00 for the deposition of the Plaintiff.  The total of the costs attributable to Berks Court Reporting Service on Plaintiff's itemization, however, is $492.95, leaving $178.95 unaccounted for.  We believe that the charge of $178.95 represents the cost of the transcript of Mr. Sosar.  Nonetheless, because this portion of the bill of costs is not specifically identified by the Plaintiff, we will not allow it to be taxed against the Defendant.


transcript may be taxed, but not both. Id. If the videotape was necessarily obtained for use in the trial, then the court will allow costs for the videotape and not the transcript. Id. In this case, Plaintiff intended to introduce the videotape as evidence in place of live testimony by Mr. Sosar and Dr. Wheeler. The fact that the videotape deposition of Mr. Sosar was not ultimately used by Plaintiff at trial is of no circumstance. As indicated above, it is sufficient that the depositions appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken, regardless of whether it was actually used. Montgomery County, 2004 U.S. Dist. LEXIS 8611, at *20. Based on the foregoing, the cost for the videotaping will be allowed,[8] but the costs for the deposition transcripts will not.[9]

Defendant also objects to the Clerk's taxation of costs for video playback in the amount of $395.00 and video duplication in the amounts of $65.00 and $45.00, contending that these are not permissible costs. Neither the Plaintiff nor Defendant have provided any case law specific to these issues. In the absence of any case law directly on point and in conjunction with our

---

[8] According to the Plaintiff's itemization and attached invoices, the cost of the video depositions were $380.00 for Dr. Wheeler and $390.00 for Mr. Sosar. These items will be taxed to the Defendant.

[9] Accordingly, the costs of $199.25 for the deposition transcript of Dr. Wheeler and $178.95 for the deposition transcript of Mr. Sosar (see *infra* footnote 7) will not be taxed as costs against the Defendant.

allowance of the videotape deposition costs, we will allow the cost for video playback to be taxed to the Defendant.  The Court recalls that the use of a videographer to assist with playback in this case was particularly useful given the amount of objections that had to be edited before presentation of the testimony to the jury.  See Herbst, 2000 U.S. Dist. LEXIS 11952, at *9 (noting that courts have allowed the recovery of costs for certain exhibits when they are helpful to the court and jury.)

     We will not, however, allow the video duplication costs.  One of the costs ($65.00) pertains to the videotape duplication of Plaintiff and we have already taxed to Defendant the cost of her deposition transcript.  As stated above, the costs of a videotape or a deposition transcript may be taxed, but not both.  Herbst, 2000 U.S. Dist. LEXIS 11952, at *5.  Further, we will not allow the videotape duplication cost ($45.00) of Defendant's witness to be taxed as it appears that this duplication was made only for the convenience of Plaintiff's counsel.  See Herbst, 2000 U.S. Dist. LEXIS 11952, at *6 (cost of daily transcripts not taxable when unnecessary for use in case and obtained for the convenience of counsel).

     Based on the foregoing, this Court will reduce the Clerk's taxation of costs relative to deposition transcripts and will allow $1479.00 to be taxed as costs to the Defendant, as opposed to $1,967.20.

### 3. Copies of medical records

Plaintiff requests that this Court tax Defendant costs in the amount of $421.47 for the copying and production of her medical records in this case. The Clerk of Court granted this request in its entirety. Clerk's Taxation of Costs at 6-7. Defendant objects by stating that these costs are not awardable to Plaintiff and that the charges for copying are far in excess of the reasonable amounts for copies. More specifically, Defendant disputes that Plaintiff is entitled to recover certain "search and retrieval fees" which were charged in addition to the copying. In response, Plaintiff avers that the charges for which she seeks reimbursement are permitted by the Commonwealth of Pennsylvania[10] and that she would have been unable to obtain the records had she not paid the charges that were requested by each of the health care providers. Plaintiff also contends, and this Court agrees, that the records she obtained were reasonable and necessary to her effective presentation of the case.

Pursuant to 28 U.S.C. § 1920(4), copying expenses are recoverable as taxable costs when they are "necessarily obtained for use in the case," whether or not offered into evidence at trial. <u>Herbst</u>, 2000 U.S. Dist. LEXIS 11952, at *8-9 (<u>citing</u> <u>Farley v. Cessna Aircraft Co.</u>, 1997 U.S. Dist. LEXIS 11655 (E.D.

---

[10] In further support of these charges, Plaintiff directs this Court to 42 Pa.C.S.A. § 6152 (2008).

Pa. August 1, 1997); Rogal v. American Broad. Cos., 1994 U.S. Dist. LEXIS 7964 (E.D. Pa. June 15, 1994)). See also In re Kulicke & Soffa Industries, Inc. Sec. Litigation, 747 F. Supp. 1136, 1147 (E.D. Pa. 1990).

In 1986, the Pennsylvania Legislature enacted the Medical Records Act, 42 Pa.C.S. §§ 6151-6160, in order to allow litigants to use certified copies of medical records in any trial, hearing, deposition or other judicial or administrative proceeding in lieu of the originals, without having to authenticate the records.  Liss & Marion, P.C., v. Recordex Aquisition Corp., 937 A.2d 503, 506 (Pa. Super. 2007).  The Medical Records Act also mandated the prices to be charged for such copies by health care providers:

> the health care provider or facility or a designated agent shall be entitled to receive payment of such expenses before producing the charts or records. The payment shall not exceed $ 15 for searching for and retrieving the records, $ 1 per page for paper copies for the first 20 pages, 75 per page for pages 21 through 60 and 25 per page for pages 61 and thereafter; $ 1.50 per page for copies from microfilm; plus the actual cost of postage, shipping or delivery. No other charges for the retrieval, copying and shipping or delivery of medical records other than those set forth in this paragraph shall be permitted without prior approval of the party requesting the copying of the medical records. The amounts which may be charged shall be adjusted annually beginning on January 1, 2000, by the Secretary of Health of the Commonwealth based on the most recent changes in the consumer price index reported annually by the Bureau of Labor Statistics of

the United States Department of Labor. 42 Pa.C.S.A. 6152(a)(2)(i). As mentioned in the statute, these amounts have been periodically adjusted by the Secretary of Health. Effective January 1, 1997, which is the period of time period applicable to this matter, the charge for copies of medical records could not exceed the following:

> $ 18.54 for searching and retrieving records,
> $ 1.25 per page for paper copies for pages 1-20, $ .93 per page for pages 21-60, $ .31 per page for pages 61 and thereafter, and
> $ 1.83 per page for copies from microfilm

Liss, 937 A.2d at 507 (citing 36 Pa.B. 7685).

Because the charges identified by Plaintiff in her bill of costs and accompanying invoices comport with the charges for copies of medical records set by the Secretary of Health effective January 1, 1997, the Court will uphold the Clerk's decision and tax the costs of copying Plaintiff's medical records against the Defendant.

### 4. Exhibits

In her bill of costs, Plaintiff included a request for the recovery of fees for exhibits in the amount of $122.98, which the Clerk granted in its entirety. Clerk's Taxation of Costs at 6-7. Defendant asserts, without specific explanation, that the costs of exhibits are not authorized by statute and, therefore, are not assessable. We disagree.

Courts have taxed costs for trial exhibits and

15

demonstrative exhibits pursuant to 28 U.S.C. § 1920(4) and generally allow the recovery of costs for printing, enlarging and mounting of trial exhibits when those exhibits are helpful to the court and jury.  <u>Herbst</u>, 2000 U.S. Dist. LEXIS 11952, at *8-9 (<u>citing</u> <u>Farley v. Cessna Aircraft Co.</u>, 1997 U.S. Dist. LEXIS 11655 (E.D. Pa. August 1, 1997); <u>Rogal v. American Broad. Cos.</u>, 1994 U.S. Dist. LEXIS 7964 (E.D. Pa. June 15, 1994)).  <u>See</u> <u>also</u> <u>Fitchett</u>, 1996 U.S. Dist. LEXIS 1168, at *15 (a deposition copy obtained for use during the trial or for trial preparation may be included in taxable costs.

At issue here are the displays, including the enlarged and mounted photographs, used by Plaintiff at trial.  These exhibits aided the jury and this Court during the trial of this case.  Because the use of the exhibits was reasonable and necessary for counsel's presentation of the case, the Clerk's taxation of these costs was proper.

In summary, costs are taxed as follows:[11]

| | |
|---|---:|
| Fees of the Clerk: | $350.00 |
| Fees of the Marshal (Service of summons): | 199.90 |
| Deposition Costs: | 1,479.00 |
| Witness Fees: | 80.00 |
| Exemplification Costs (Copies of records): | 421.47 |
| Exemplification Costs (Exhibits): | 122.98 |
| Total: | $2,653.35 |

For all of the above reasons, Defendant's Appeal of the Clerk's Taxation of Costs is granted in part and denied in part. An appropriate Order follows.

**ORDER**

**AND NOW**, this 15th day of January, 2009, upon consideration of Plaintiff's Bill of Costs (Docket No. 63), Defendant's objections thereto (Docket No. 64), Plaintiff's response thereto (Docket No. 65), the Clerk's Taxation of Costs and Judgment Order (Docket Nos. 66 & 67), Defendant's Appeal to Clerk's Taxation of Costs and Memorandum in support thereof (Docket Nos. 68 & 69), and Plaintiff's response thereto (Docket

---

[11] These costs include the costs already assessed by the Clerk to which there was no appeal taken by the Defendant. Defendant did not appeal the following costs that were taxed to it by the Clerk: $350.00 (Fees of the Clerk) and $80.00 (Witness Fees). See Docket No. 66 at 8.

No. 71), **IT IS ORDERED THAT:**

    1.   The Clerk's Taxation of Costs is **GRANTED IN PART** and **DENIED IN PART** in accordance with the accompanying Memorandum.

    2.   **JUDGMENT** is **ENTERED** for Plaintiff, Nicole Stevens against Defendant, D.M. Bowman, Inc. for $2,653.35.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN,
United States Magistrate Judge